UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Jamarcus Torrence )<br>    Plaintiff, )<br>)<br>)<br>v. )<br>)<br>LVNV Funding, LLC & Resurgent Capital )<br>Services, L.P. )<br>    Defendants. )<br>) | Case No. 3:26-CV-6<br><br>JURY TRIAL DEMANDED |

COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. Plaintiff brings this action against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., arising from Defendants' continued debt collection communications after receiving written notice to cease, in violation of 15 U.S.C. § 1692c(c).

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this District as the Plaintiff resides in Charlotte, North Carolina, and the Defendants transact and conduct business in this District.

## III. PARTIES

3. Jamarcus Torrence is a natural person and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. LVNV Funding LLC (hereinafter "LVNV") is a South Carolina corporation. The Registered Agent is Corporation Service Company, Inc. Its registered mailing address is located at 2626 Glenwood Ave, Suite 550, Raleigh, NC 27608.

5. Resurgent Capital Services L.P. (hereinafter "Resurgent") is a South Carolina corporation. The Registered Agent is Corporation Service Company. Its registered mailing address is 2626 Glenwood Ave, Suite 550, Raleigh, NC 27608.

6. Both Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6), and are engaged in the business of collecting consumer debts. Defendants' principal purpose of existence and revenue generation is in the industry of debt collection.

7. Defendants' communications with Plaintiff were made solely with the intention of inducing payment out of Mr. Torrence. This consistent communication solidifies each Defendant's role and qualification as a "Debt Collector", as defined in 15 U.S.C. § 1692a(6).

## IV. FACTS OF THE COMPLAINT

8. LVNV Funding, LLC is the current owner of the alleged debt. At all relevant times, LVNV Funding, LLC acted through its servicer and authorized agent, Resurgent Capital Services, L.P., for purposes of collecting the alleged debt.

9. All collection communications described herein were sent by Resurgent Capital Services, L.P. on behalf of LVNV Funding, LLC, making them vicariously liable for the allegations committed through their servicing company.

10. This debt falls under the jurisdiction of the FDCPA because the original creditor was "WEBBANK FINGERHUT", a financial institution that lends to consumers. Therefore qualifying it as a "debt" pursuant to 15 U.S.C. § 1692a(5)

11. Plaintiff learned about this account being furnished on his consumer disclosure and could not afford to pay the alleged debt of $867.

12. Plaintiff received consecutive debt collection emails from the Defendant Resurgent Capital Services, L.P., about this debt.

13. Plaintiff sent a refusal to pay letter to the Defendants. This letter was sent through USPS Certified Mail (tracking 9589 0710 5270 3023 5284 11) that was delivered September 04, 2025 at 6:11am.

14. Despite receiving Plaintiffs refusal to pay, Defendants continued to attempt to collect this debt.

15. Defendants sent additional emails September 23, September 25, October 3 and October 5 attempting to collect the debt.

16. Under § 1692c(c), if a consumer notifies a debt collector in writing that he refuses to pay a debt, the debt collector shall not communicate further with respect to the debt.

17. Defendants' prohibited collection attempts were intentional, willful, and part of a practice of ignoring consumer rights under the FDCPA, exposing each to liability under 15 U.S.C. § 1692c(c).

## V. FIRST CLAIM FOR RELIEF

*Violations of 15 U.S.C. § 1692c(c) – Failure to Cease Communication*

18. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

19. Defendant LVNV Funding, LLC violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after receiving Plaintiff's written refusal to pay letter. Under the FDCPA, even a single prohibited communication after such notice constitutes a violation.

20. Defendant Resurgent Capital Services L.P. violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff after knowing or having reason to know that a refusal was received and further communication was prohibited.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendants for:

1. Judgment for violations of the FDCPA;
2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
3. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
4. Prejudgment interest on all monetary awards;

5. That actual and statutory damages be awarded cumulatively, not in the alternative.//
6. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and
7. Such other and further relief as the Court may deem just and proper.

Respectfully submitted on January 5, 2026, by:

*/s/ Marcel A. McCrea*

Marcel A. McCrea, Esq.
Clearview Legal
PO Box 680128
Charlotte NC 28216
T.: 980.225.9072
F: 980.225.9080
E: marcel@clearview.legal
COUNSEL FOR PLAINTIFF